UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FÁTIMA MARGARITA CAVAZOS, ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) ) ) |
| JOHN KERRY, in his official capacity as Secretary of State of the United States, ET AL., | ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.

3:15-CV-0661-G

## MEMORANDUM OPINION AND ORDER

Before the court is the motion for summary judgment of the defendants: John Kerry in his official capacity as Secretary of State; Jeh Johnson in his official capacity as Secretary of the Department of Homeland Security; Ron Rosenberg in his official capacity as acting chief of the Administrative Appeals Office of the Department of Homeland Security; and Tracy Tarango in her official capacity as Director of the Dallas Field Office of the Bureau of Citizenship and Immigration Services (collectively, the "government") (docket entry 25). For the reasons discussed below,

the government's motion for summary judgment is granted in part and denied in part.

## I. BACKGROUND

### A. Factual Background

The plaintiffs, José Mario Cavazos ("José") and Fátima M. Cavazos ("Fátima") (together, the "Cavazoses"), seek a judgment from this court declaring them to be citizens of the United States. Plaintiffs' Complaint for Declaratory Judgment and Injunction ("Complaint") ¶ 1 (docket entry 1). José alleges that he is a citizen of the United States by virtue of his birth in Menlo, Washington on January 19, 1953. *Id.* ¶ 2. Fátima's claim that she is a citizen of the United States is wholly dependent on José's claim of citizenship. See *id.* ¶¶ 9-22.

According to José, his mother, Angelica Cavazos Morales, gave birth to him while accompanying her husband, José Cavazos Leal, on a business trip to Vancouver, Washington. *Id.* ¶ 44. On this trip, the couple decided to drive to Vancouver, Canada after finishing their business in Vancouver, Washington. Appendix in Support of Brief in Support of the Defendants' Motion for Summary Judgment ("Government's Appendix") at 54 (docket entry 27). While driving to Vancouver, Canada, his mother felt "bad" and the couple stopped at a hospital attended by nuns. *Id.* at 50-51. From there, they were sent to a midwife in Pe Ell, Washington, and the midwife successfully aided Angelica in giving birth to José. *Id.* at 52-53. On the way

back to Mexico, Angelica and José stayed in San Antonio, Texas with an "Aunt Juana" because José fell ill. *Id.* at 55. José Cavazos Leal continued on to Mexico by himself. See *id.* at 56. On February 17, 1953, José Cavazos Leal registered José's birth in the records of Nuevo Leon, Mexico as occurring in the downtown section of Allende, Nuevo Leon, Mexico. Plaintiffs' Appendix to Brief in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Appendix") at 15 (docket entry 38). Then, he returned to San Antonio and picked up Angelica and José. Government's Appendix at 58. During the drive back to Mexico, José's health continued to deteriorate, so the family stopped in Roma, Texas to get José baptized. *Id.* at 59-60. On March 19, 1953, José was baptized at Our Lady of Refuge Catholic Church in Roma, Texas. Plaintiffs' Appendix at 139 (docket entry 39). The baptismal certificate lists José's birthplace as "Menlo, Pacific County, Washington." *Id.*

In February 2010, agents from the State Department took José's passport away from him and have not returned it. Complaint ¶ 63. On March 21, 2012, Fátima received a letter from the United States Citizenship and Immigration Services ("USCIS") stating that her certificate of citizenship had been denied. *Id.* ¶ 64. On August 15, 2014, USCIS denied Fátima's motion to reconsider. *Id.* ¶ 67. The Cavazoses filed this suit for a declaration that they are both citizens of the United States. *Id.* ¶ 1.

B. Procedural Background

On February 27, 2015, the Cavazoses filed this suit seeking a declaratory judgment under 28 U.S.C. § 2201 and 8 U.S.C. § 1503. *Id.* On April 29, 2016, the government filed the instant motion for summary judgment (docket entry 25). On June 10, 2016, the Cavazoses filed a timely response (docket entry 34), to which the government served a timely reply (docket entry 43).

II. ANALYSIS

A. Summary Judgment Standard

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving parties "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial*

*Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  The nonmoving parties must show that the evidence is sufficient to support the resolution of the material factual issues in their favor.  *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving parties.  *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)).  However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact.  See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  The nonmoving parties have a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 323-24 (1986).  "When evidence exists in the summary judgment record but the nonmovant[s] fail[] even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."  *Malacara*, 353 F.3d at 405.

### B. Burden of Proof in Actions Under 8 U.S.C. § 1503

Title 8 U.S.C. § 1503 provides:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of [28 U.S.C.

> § 2201] against the head of such department or
> independent agency for a judgment declaring him to be a
> national of the United States . . . .

8 U.S.C. § 1503(a). This court has power to grant the relief sought under 8 U.S.C. § 1503 and 28 U.S.C. § 2201.

In a case properly brought under 8 U.S.C. § 1503, the court must make a *de novo* determination whether the plaintiff is a national of the United States. *Richards v. Secretary of State*, 752 F.2d 1413, 1417 (9th Cir. 1985); *Delmore v. Brownell*, 135 F. Supp. 470, 473 (D.N.J. 1955), *aff'd,* 236 F.2d 598 (3d Cir. 1956). The plaintiff bears the burden of establishing, by a preponderance of the evidence, that he is a United States national. *Reyes v. Neelly*, 264 F.2d 673, 674 (5th Cir. 1959); *Liacakos v. Kennedy*, 195 F. Supp. 630, 631 (D.D.C. 1961).

### C. Application

1. *Evidence Before the Court Creates a Question of Material Fact*

Summary judgment may only be granted if there are no genuine issues of material fact. See *Celotex*, 477 U.S. at 324. The central fact issue in this case, where José was born, is very much in dispute. The government repeatedly questions the credibility of the Cavazoses' evidence, but the court does not assess evidentiary credibility on a motion for summary judgment. *Anderson*, 477 U.S. at 255. Consequently, summary judgment on the question of where José was born is inappropriate.

The Cavazoses have met their *prima facie* burden by producing, among other evidence, a Texas baptismal certificate listing Menlo, Washington as José's birthplace, Plaintiffs' Appendix at 139, a Mexican birth certificate listing Pacifica, Washington as José's birthplace, *id.* at 142-43 (docket entry 40), and the testimony of Benjamin Cavazos, who corroborates the account of José. *Id.* at 164-97.

The government contends that the Texas baptismal certificate from Our Lady of Refuge Catholic Church in Roma, Texas "was, at best, admittedly based on hearsay." Brief in Support of Defendants' Motion for Summary Judgment at 15 (docket entry 26). However, a statement of fact contained in a baptismal certificate is excluded by the rule against hearsay if the statement is made by a person who is authorized by a religious organization or by law to perform the act certified, attested that the person administered a sacrament, and purported to have been issued at the time of the birth or within a reasonable time after it. FED. R. EVID. 803(12). Further, the government challenges the credibility of the baptismal certificate because Roma, Texas is located near the border between Texas and Mexico. Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment ("Reply") at 3 (docket entry 43). However, the fact-finder will determine the weight and credibility that should be attributed to the evidence. *Anderson*, 477 U.S. at 249, 255. It is not this court's function, in ruling on a motion for summary judgment, "to weigh

evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987).

The government correctly asserts that the judgment of the Mexican court to change José's record to indicate his birthplace as Pacifica, Washington has no preclusive or determinative effect on this court. *Garcia v. Kerry*, 557 F. App'x 304, 309 (5th Cir. 2014). However, the weight to be given to the Mexican court's decision is a question for the trier of fact and not for this court on a motion for summary judgment. *Garcia v. Clinton*, 881 F. Supp. 2d 807, 812-13 (S.D. Tex. 2012), *aff'd*, 557 F. App'x. 304 (5th Cir. 2014).

The government seeks to undermine the credibility of Benjamin Cavazos's testimony by criticizing it as "the 63-year old memory of 12-year old Benjamin Cavazos who was not present at José's birth." Reply at 4. However, the probative value of Benjamin Cavazos's testimony must be resolved by the ultimate trier of fact. *Garcia*, 881 F. Supp. 2d at 812-13.

In *Garcia*, the court found that a genuine issue of material fact existed where the evidence contained conflicting records of the plaintiff's birthplace and questions of credibility needed to be resolved by the fact-finder. *Id.* The plaintiff in *Garcia* submitted a Texas birth certificate, a Mexican civil judge's decision cancelling his Mexican birth certificate, and the deposition testimony of his parents. *Id.* The government challenged the credibility of the plaintiff's father's testimony by pointing

out inconsistencies and contended that the Mexican court judgment did not have preclusive effect on the court. *Id.* at 812. The court in *Garcia* concluded that the "ultimate trier of fact" must determine questions of credibility and the appropriate weight given to the evidence submitted. *Id.* at 812-13.

The Cavazoses have presented evidence that raises a genuine issue of material fact about the location of José's birthplace. They set forth a plausible set of facts under which they could potentially prevail. Accordingly, the government's motion for summary judgment against the Cavazoses' claim for relief under 8 U.S.C. § 1503 and 28 U.S.C. § 2201 is denied.

### 2. *The Government's Alternative Argument Against Jurisdiction*

#### a. The Administrative Procedures Act[*]

The Cavazoses assert that this court has jurisdiction to hear this matter under the Administrative Procedures Act (the "APA"), 5 U.S.C. §§ 702-706. Complaint ¶ 24. Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

However, the APA authorizes judicial review for a final agency action only where "there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. In other

---

[*] The Cavazoses do not make it clear in their complaint whether they claim relief based on the APA or the mandamus statute, or if they assert the statutes purely for jurisdictional grounds. Regardless, the analysis remains the same.

words, a plaintiff may sue under the APA only where there are no other judicial remedies available. The Cavazoses cannot pursue relief under the APA because, as noted above, the proper avenue for relief is a declaration of citizenship under 8 U.S.C. § 1503(a). *Nelson v. Clinton*, Civ A. No. H-10-0058, 2010 WL 5342822, at *9 (S.D. Tex. Dec. 21, 2010). Because the Cavazoses have an adequate remedy under 8 U.S.C. § 1503(a), the court concludes that they do not have a claim under the APA. *Garcia v. Clinton*, Civ. A. No. L-10-101, 2011 WL 2173689, at *3 (S.D. Tex. June 1, 2011) (listing cases).

The government's motion for summary judgment on any claim made under the APA is granted.

### b. The Mandamus Statute, 28 U.S.C. § 1361

The Cavazoses also invoke the federal mandamus statute found at 28 U.S.C. § 1361 as a basis for federal jurisdiction. Complaint ¶ 24. Historically, as well as under the present codification found in § 1361, the writ of mandamus has been considered a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)); *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) ("It is hornbook law that mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."), *cert. denied*, 397 U.S. 941 (1970). To obtain a writ of

mandamus, the petitioner must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)).

As with their claim under the APA, the Cavazoses cannot meet the third element to obtain a writ of mandamus because another adequate remedy is available. In that respect, the remedy for claiming citizenship under 8 U.S.C. § 1503 has been found "more than adequate" to bar a writ of mandamus. *Cartier v. Secretary of State*, 506 F.2d 191, 200 (D.C. Cir. 1974), *cert. denied*, 421 U.S. 947 (1975). Because the Cavazoses have asserted a request for relief under 8 U.S.C. § 1503, they are not entitled to a writ of mandamus. Accordingly, the court grants the government's motion for summary judgment on the Cavazoses' claim for a writ of mandamus.

## III. CONCLUSION

For the reasons stated above, the government's motion for summary judgment on the Cavazoses' claims for jurisdiction under the APA and the mandamus statute and any other claims under the APA and the federal mandamus statute, 28 U.S.C. § 1361, is **GRANTED**, and the government's motion for summary judgment on the Cavazoses' claim under 8 U.S.C. § 1503(a) is **DENIED**.

**SO ORDERED**.

August 3, 2016.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**